[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDER RE: MOTION TO MODIFY SUPPORT
CT Page 3516
The defendant father has moved for a modification of the custody and support orders that were entered by this court, Ballen, J., at the time the parties' marriage was dissolved on November 7, 1996. At the time of the divorce, the parties' two minor children were living with the plaintiff mother. One of the minors, Larsen Cazeau, is now living with the defendant. At the short calendar of February 15, 2001, the custody order was modified and the defendant was awarded custody of Larsen Cazeau. The court will now address the support order.
Pursuant to paragraph nine of the parties' separation agreement, which was incorporated into the court's decree of dissolution, the defendant was to pay $250.00 per week as unallocated alimony and support. Following the three year period, he is to pay support "in accordance with the then guidelines. . . . pending further orders . . . $95.00 per week." Thus, the defendant's present support obligation for both children under the agreement and court decree is $95.00 per week. The Child Support Guideline and Arrearage Worksheet that was submitted to the court on November 7, 1996, shows that the defendant's presumptive support obligation for both children was $193.00 per week.
The defendant did not submit an updated Child Support Guideline and Arrearage Worksheet to assist the court in the present endeavor. At the time of the dissolution, the plaintiff's net weekly income as reported on the support guideline computation sheet was $332.00 and the defendant's net weekly income was $567.00. The defendant's present net weekly income is $920.00. No information was submitted to the court with respect to the plaintiff's present income. For purposes of considering the defendant's motion to modify support, the court has assumed that the plaintiff's net income is the same now as it was in November of 1996. Under the circumstances, the present support obligation of $95.00 is close to what the support guidelines show is the presumptive support amount for the present custodial and financial circumstances, i.e. $109.00 per week. Accordingly, the motion to modify support is denied.
THIM, J.